# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C.G., a Minor, by and through his Guardian Ad Litem, Petra Gaeta; A.G., a Minor, by and through his Guardian Ad Litem, Maria Rosas, individually and as successors in interest to DAVID GAETA, deceased; DAVID GAETA URZUA, and PETRA GAETA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ANA, an entity, SAUL ESQUIVEL, DORIN BUCHANAN; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: SACV17-01206 JVS (JCGx)<br><br>**PROTECTIVE ORDER CONCERNING POLICE OFFICER PERSONNEL RECORDS** |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

1. This lawsuit arises out of the officer-involved shooting of Decedent David Gaeta on November 6, 2016.

2. In discovery, the plaintiffs requested certain items that comprise the confidential peace officer personnel files of Defendant Officers Saul Esquivel and Dorin Buchanan and/or other items the City maintains are confidential. The City

-1-
PROTECTIVE ORDER CONCERNING
POLICE OFFICER PERSONNEL RECORDS

objected to production of these materials and the plaintiffs filed a motion to compel. See Doc. 31. Thereafter, the Court issued an order directing the parties to engage in further meet and confer efforts, among other things. See Doc. 33. Pursuant to the Court's order, the defendants are producing certain of items requested by the plaintiffs (collectively defined in paragraph 1 as "Protected Documents").

3. In light of the assertion of privilege and privacy by the defendants, the following protective order shall govern production of documents collectively defined in paragraph 1 as "Protected Documents":

## **PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows.

1. All documents produced by the City of Santa Ana that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendant City of Santa Ana and its employees, including, but not limited to Officers Saul Esquivel and Dorin Buchanan;

(c) Paralegal, stenographic, clerical and secretarial personnel regularly

employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

  (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

  (e) With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

  4. The Protected Documents may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from Protected Documents must both (a) apply to submit unredacted documents containing any portion of the Protected Documents under seal and (b) file public versions of the same documents with the information from the Protected Documents redacted.

  5. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

  6. The court reporter, videographer, and audiographer, if any, who

-3-
PROTECTIVE ORDER CONCERNING
POLICE OFFICER PERSONNEL RECORDS

record all or part of any future deposition(s) in this matter, which include the Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

8. At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9. The Protected Documents shall be used solely in connection with the preparation and trial of is action, entitled <u>D.C.G., et al. v. City of Santa Ana, et al.</u>, bearing case number SACV17-1206 JVS (JCGx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the documents produced pursuant to this protective order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Local Rule 37.

11. This Order is made for the purpose of ensuring that the Protected Documents will remain confidential, unless otherwise ordered by the Court or in

response to a successful motion by a party made pursuant to Paragraph 10.

12. At the conclusion of this litigation, upon request of defense counsel, plaintiffs' counsel shall return the Protected Documents to Jill Williams, Esq., Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of confidential peace officer personnel records, the disclosure of which would violate the right to privacy of police officers as protected by the official information privilege, law enforcement privilege, the California and United States Constitution, with plaintiffs' right to discovery in this litigation. The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED: April 02, 2018

_____
Honorable Jay C. Gandhi
United States Magistrate Judge

PROTECTIVE ORDER CONCERNING
POLICE OFFICER PERSONNEL RECORDS